Charlotte H. Rieman, Defendant in Error, v. Bertram F. Rieman, Plaintiff in Error.

Gen. No. 8,319.

Opinion filed September 10, 1931.
Rehearing denied December 17, 1931.

GEORGE C. OTTO, for plaintiff in error.

MARSHALL & MARSHALL, for defendant in error; ALEXANDER H. MARSHALL and MAURICE G. STANBERG, of counsel.

MR. JUSTICE JETT delivered the opinion of the court.

The record shows that Charlotte H. Rieman, defendant in error, on November 15, 1929, filed a bill in the circuit court of Lake county against Bertram F. Rieman, plaintiff in error, for a divorce, alleging that the said parties were intermarried in Chicago in 1920, and lived together as husband and wife until a few weeks before the filing of her bill and during all of that time she faithfully performed all the obligations of her married life as a wife; that a few years after their marriage plaintiff in error commenced the excessive use of intoxicating liquor and for more than two years prior to the filing of the bill he had been guilty of habitual intoxication; that while intoxicated he was quarrelsome and ill-treated his family, using abusive language and rendering the life of the defendant in error intolerable and burdensome and in consequence of which she was compelled to withdraw with her children from their home; that as an issue of said marriage there were born unto them two children, namely, Margerie Rieman aged seven years, and Charlotte Rieman aged five years, and that in consequence of his drunken habits and abusive language the said plaintiff in error is a person unfit to have the care, custody and education of the said children; that said plaintiff in error was employed in the real estate business and is the manager of a firm of airplane dealers

and is abundantly able to support the defendant in error and their children but has neglected and refused to do so. It is then alleged in the bill that the said plaintiff in error threatens to take the two children from the defendant in error, and continues to annoy her by entering the home of the children. The bill prays for the dissolution of the marriage relation and that the defendant in error be denied the custody of the children.

It appears that Bertram F. Rieman, plaintiff in error, resided in the county of Cook and was served in said county with process; that on December 5, 1929, he filed an answer to said bill, in which he admitted that the defendant in error was a resident of Lake county, admitted the marriage as set forth in said bill but denied that he had been guilty of the excessive use of intoxicating liquors; that he had been guilty of habitual drunkenness within the past two years or that he had ill-treated his family. The record discloses that a stipulation was filed that this cause might be set down for immediate trial on the bill and answer and heard as a default matter.

The cause was heard, a finding was made in favor of defendant in error and a decree for divorce was entered awarding the custody of the children to the defendant in error with a right of visitation on the part of the plaintiff in error. To reverse said decree this writ of error is prosecuted.

The principal ground urged for reversal is that the court was without jurisdiction of the subject matter at the time of the hearing of the cause and the entering of the decree. In support of this contention it is urged that there was insufficient proof of the residence of the defendant in error in Lake county at the time of the filing of the bill. The record discloses, however, that the answer of the plaintiff in error admitted that the defendant in error was a resident of Lake

county, and the testimony shows that the defendant in error testified that she was residing in Highland Park, Illinois, which it is conceded is in Lake county; she also testified that she had lived in the State of Illinois all of her life. We are of the opinion, therefore, that the contention of the plaintiff in error that the court did not have jurisdiction at the time of the said hearing and the entering of the decree is not well founded.

It is also insisted by the plaintiff in error that the findings in the decree are not sufficient to support the same. The decree is not as complete in its findings as it might have been. We have, however, examined the certificate of evidence filed in this cause and we find it is sufficient to support the decree. The failure of the decree to make the findings of fact is taken care of by the certificate of evidence.

We find no reversible error in the record and the decree will be affirmed, which is accordingly done.

*Decree affirmed.*